May it please the Court, my name is Diane Hare, I'm an attorney with the Federal Defenders for the Eastern District of Washington in Idaho, and I represent Mr. Carr. Mr. Carr is the appellant in this action, and he seeks relief from the conviction in the District Court of Eastern Washington based on the applicable statutory construction of the Gun Control Act and the Ninth Circuit precedent which determines how the Court assesses when a crime is punishable by more than one year. Mr. Carr relies upon the Corona-Sanchez analysis and its progeny, as well as the actual review of the somewhat conflicting language within the Gun Control Act. Mr. Carr was convicted under 922G1. G1 prohibits a person from possessing a firearm if they have been convicted of a crime punishable by more than one year. But then when one turns to 921A20, the Congress defined a crime punishable by more than one year to exclude crimes that a state characterizes as misdemeanors. The only conviction that Mr. Carr has that could subject him to the crime punishable by more than one year is his conviction under RCW 2651.10. What that statute says clearly at the beginning of the statute, it defines a violation of a no-contact order as a misdemeanor, a gross misdemeanor punishable under Washington state law less than two years. So the conflict arises when you're first looking at the statute itself, 922G1, crime punishable by more than one year, 921A20 excluding misdemeanor offenses. What Corona-Sanchez teaches us is that the Ninth Circuit looks to the core nature of the offense. The core nature of the offense under Washington statute is clearly a misdemeanor, the offense being violation of a no-contact order. The only way that it is elevated in Mr. Carr's case is through the application of a recidivist enhancement. And every case that the Ninth Circuit has decided and addressed on this issue, whether it is Corona-Sanchez or Moreno-Hernandez, which Judge Gould was a member of that panel that looked at that, recognized that the Ninth Circuit separates the core nature of the offense from a recidivist enhancement. Counsel, one of the cases discussed by both parties in the briefing was United States v. Rodriguez. Yes. And the Supreme Court has accepted cert in that case. In your view, is there a reason for us to defer submission until the Supreme Court decides that case, which also involves a recidivist enhancement, and whether that's counted in for the severity of a crime under the Armed Career Criminals Act? What's your position on whether we should decide it or wait? Your Honor, I think the Court may choose to decide it and may choose to wait, depending upon what your rationale is. If you're relying upon Rodriguez, which looked at the provisions of the Gun Control Act dealing with punishment under 924E, then it may be that you determine that you should wait. However, when you're looking at Corona-Sanchez, when you're looking at Moreno-Hernandez, those also look at whether or not a recidivist enhancement, PIM and Tel Flores, was specifically dealing with a no-contact order recidivist enhancement. So the Court – it is – I would submit that the Court may determine this matter without waiting, and that it also could, if it's further applying Rodriguez, upon which we rely. And we believe it does support our position that it may be that you have to wait. Well, I guess the reason I'm asking is it's conceivable that the Supreme Court will say that recidivist enhancements count for all purposes. I mean, it's conceivable that something that broad could be written that said that the kind of distinction that we've drawn is not okay. I think that is conceivable that the Supreme Court might say that. However, in Rodriguez, the provisions that the Court were looking at under the Washington State statutes dealing with 924E, what constitutes a serious drug offense, they were looking at two separate statutes. Here, once again, and the Supreme Court and the appellate court in State v. Davis, Davis v. Washington, all recognize that when you're dealing with a violation of a no-contact order, it's clear that Washington State characterizes it as a misdemeanor. So if you're looking simply at the statute in 921A20, which excludes from those crimes which may be used as a predicate offense, misdemeanors, that the State characterizes a misdemeanor, if that's how you interpret RCW 2610.110, then I would submit you could make your determination. I also agree with the Court that the Supreme Court may reach a broad ñ in its review of Rodriguez, may overturn Corona Sanchez. One problem with characterizing it as a misdemeanor, I suppose, is that maybe the State doesn't. I mean, they ñ Corona Sanchez really dealt with a sentencing enhancement, and the way Washington seems to have structured this is to say, well, it's a felony, and one of the elements that you plead as part of the felony are the priors. And does that turn it into something different? Well, Your Honor, in the record before the Court, what the defendant actually admitted is in the excerpts of records at page 10, and he did not admit to those two prior felonies that are necessary for an enhancement to become a felony. What he stated was that on or about January 23, 2006, knowing a no-contact order existed prohibiting me from being within 1,000 feet of 206 East Pine Street, I went there. That's all he admitted. And so I think the Court is correct that the statute does deal with making it a felony if there are facts that are determined concerning the prior offenses. But that's not what he admitted, and that's not what's before the Court in the excerpts of records. What kind of a judgment was entered? The judgment was entered ñ that's also part of the record, and it is a felony judgment in superior court. It was a ñ and it was an exceptional downward departure, two times served, 30 days. And the range under Washington State statute was 6 to 12 months, again, under two years. So when you look at the interplay of the statute for which he was convicted and you look at 921A20, can you determine that, in fact, this may be the basis of a predicate offense? And it is our position that it cannot be the basis of a predicate offense, and that Congress recognized that, and that Congress subsequently made additional definitional sections which addressed misdemeanors, domestic violence misdemeanors in Section 33. But Mr. Carr's conviction doesn't fall under Section 33. So, in other words, when you look at what Congress intended to prohibit, they clearly were expanding the scope of the Gun Control Act to carve out another section of misdemeanors that would be the exception to the exception in 921A20. Yeah. I suppose that it doesn't logically have to exclude the possibility of the existence of other more serious domestic violations. But it seems to me Congress could have just been remedying one part of the problem. If I just to sum up and reserve some time for rebuttal, I would submit that if Congress has been inconsistent, and indeed I submit that they have been inconsistent, then we would suggest and have submitted that the rule of lenity says then err in Mr. Carr's favor and don't convict him and don't use this as a predicate offense. Thank you. You have some time remaining, as you've noted. And we'll hear next from Mr. Hanlon. May it please the Court. Tom Hanlon, hearing for the United States. I'd like to start off by looking at the excerpt of record on page 4 in the document regarding the statement of defendant on a plea of guilty. The defendant acknowledged that he had previously been convicted of two prior no-contact order violations. The main issue addressed in the case is whether or not the defendant was previously convicted of a crime in which punishment exceeded one year. Looking at 921A20, the statute lays out that it's the law of the jurisdiction, the law of the state where the conviction occurs, that determines whether or not the offense is a crime punishable by term of imprisonment of one year. This Court has consistently held in Simpson, in Valerio, and in Fruchon, that when it comes to a determination of whether or not that prior offense, and here we're talking about felony violation of a no-contact order, is in fact a crime punishable by imprisonment for a term exceeding one year, it's the state law and state jurisdiction that's controlling. The defendant, or the appellant, argues that the Corona-Sanchez-Pimentel-Flores cases, Morano-Hernandez, are applicable in this case. It's the government's position that all of those cases are distinguishable from the present case. In each one of those cases, this Court dealt with a factual situation where a defendant had a state conviction, and then the Court determined whether or not that offense qualified either as an aggravated felony pursuant to 8 United States Code 1101, or whether it was a crime of violence or an aggravated felony pursuant to the sentencing guidelines. In those cases, the Court was not concerned about whether or not under state law the offense was characterized as a felony. As a matter of fact, the Court repeatedly held that whether an offense is a felony or misdemeanor at the state level may not apply to whether or not it qualifies as an aggravated felony for Federal sentencing purposes. In this case, the facts that are presented are different because Congress has actually laid out in 921-820 what the Court is to consider when defining the term, a crime punishable by a term exceeding one year. That appears from the government's position to be the main issue, whether or not the defendant was convicted of a felony offense. Counsel, I'll ask you the same question as I asked Ms. Hare, and that is, is there any reason in your view why we should wait until the Supreme Court issues Rodriguez? Your Honor, I think that it would be prudent to wait until the Rodriguez decision comes down on one hand, depending upon what this decision is regarding looking at prior state sentencing recidivism enhancements. But on the other hand, the government's position is that Rodriguez is distinguishable from the present case. Rodriguez is consistent with Corona-Sanchez in that looking at the Armed Career Criminal Act, 924-E, that could be seen as a recidivism sentencing act. And in that case, the Court looked to the prior state conviction, the Washington state conviction, and determined that they could not enhance the sentence under the Armed Career Criminal Act due to the recidivist nature of the prior offense. So in this case, we're not dealing with any issue of the Court being put in a situation to enhance the defendant's sentence. Rather, the government's position that this is different because State law is controlling by statute and by prior decisions of the Court. So does that answer the question, Your Honor? Yes, thank you. Well, Chris, it is really a formal distinction, whether it happens to be a sentencing enhancement or somebody makes it an element of a crime. What's really happening is that something is made more serious because there are priors. That's correct, Your Honor. And I believe the State has the authority and the obligation to protect its citizens. And if an individual violates a restraining order, I think the State has the authority to create a law that if you violate another restraining order, that offense now becomes a felony offense. But if instead the State had said, well, it's an offense that's punishable by one year, it's a felony punishable by one year or 11 months or something, and then we have a sentencing scheme where you can start counting priors and take it higher, apparently Corona Sanchez would say, well, that's not part of the core offense. Yes, Your Honor, I agree. That could be another way it could be developed. In this particular case, the district court was provided with all the documentation regarding the prior offense. The district court was provided with the information, the defendant's statement of guilt, and the judgment sentence. All of the documents reflect that the defendant was convicted of a felony offense. On the statements of the defendant on a plea of guilty, the defendant acknowledged that based upon this felony conviction, he no longer had the right to possess a firearm under State law or under Federal law. All of the documentation that was provided to the court shows the defendant was convicted of a crime in which punishment, the maximum punishment was five years and a fine of $10,000. Therefore, it's the government's position that that's where the inquiry ends. If the defendant was convicted of a felony offense, a crime punishable by a term of imprisonment exceeding one year, then the inquiry ends and the defendant's sentence in this case should be affirmed. I see I still have over four minutes remaining. Are there any further questions from the court? I don't believe so. Thank you. The government's position seems to be that if we call it a felony, that answers the question. But it doesn't answer the question because 922G1 carves out an exception for any crime punishable by more than one year that also happens to be characterized by the State as a misdemeanor. And there is no dispute. The State of Washington characterizes the crime, the core offense, of violation of a no-contact order as a misdemeanor and elevates it to a felony. Why doesn't it make a difference whether the enhancing fact has to be proved as an element in the two-convict instruction, State v. Davis and State v. Oster? But the government has to prove beyond a reasonable doubt, or the person has to admit         It's a felony. It's a felony. It's a felony. It's a felony. occurred, right? Yes, it's true that in order to obtain the conviction for the enhancement, they have to prove it. And what Murillo teaches us is, and I'm quoting directly from Murillo, is that we've repeatedly held, prior to the Supreme Court's Blakeley decision, that in determining whether a State conviction is punishable for more than one year's imprisonment for purposes of a Federal criminal statute predicated on a prior felony conviction, we look to the statute. And that's what we're asking you to do, Your Honor, is look at the statute, recognize that violation of a no-contact order is a misdemeanor, and that either under statutory construction or the application of Corona Sanchez and its progeny, Mr. Carr's conviction should be overturned. Thank you, counsel. We appreciate, again, the arguments of both counsel. The case, I just argued, is submitted.
judges: Canby, Graber, Gould